**CALLAHAN & BLAINE, APLC**
Edward Susolik (Bar No. 151081)
es@callahan-law.com
David J. Darnell (Bar No. 210166)
ddarnell@callahan-law.com
Bryan C. Oberle (Bar No. 312154)
boberle@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff SAFE HEALTH SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SAFE HEALTH SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS CHIERCHIO a.k.a. CHRIS LUMIA, an individual; TEAM CHIP LLC, a Wyoming limited liability company; JOSEPH MACLELLAN, an individual; GREENSPOON MARDER LLP, a Florida limited liability partnership,; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO.  2:23-cv-00543-SPG-PDx<br><br>**NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of Ken Mayer, Declaration of Bryan C. Oberle, Proposed Judgment; Proposed Order*]<br><br>Date:        October 18, 2023<br>Time:        1:30 p.m.<br>Dept.:        5C<br><br>Complaint Filed:  January 24, 2023 |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on October 18, 2023, at 1:30 p.m., or as soon as this matter may be heard in Department 5C of the above-entitled Court, Plaintiff SAFE HEALTH SYSTEMS, INC. ("Plaintiff") hereby renews its application to this Court, pursuant to Federal Rule of Civil Procedure Section 55(b)(2), for entry of default judgment against Defendants CHRIS CHIERCHIO a.k.a. CHRIS LUMIA ("Lumia") and TEAM CHIP LLC ("Team Chip") (collectively, "Defendants") upon the Complaint filed on or around January 24, 2023 (hereinafter, the "Renewed Motion"). On August 31, 2023, this Court denied Plaintiff's previously-filed motion for entry of default judgment without prejudice and specifically noted that Plaintiff may file a renewed motion for default judgment that more specifically addresses the *Eitel* factors. *See* ECF No. 46. Accordingly, Plaintiff respectfully submits the following renewed motion for entry of default judgment.  In support of this Renewed Motion, Plaintiff sets forth the following:

On January 24, 2023, Plaintiff filed its Complaint in the above-referenced District Court alleging causes of action against Defendants. (Declaration of Bryan C. Oberle ("Oberle Decl."), ¶ 2, Exhibit 1.)

Defendant Team Chip was personally served with Plaintiff's Complaint on January 30, 2023, via its registered agent for service of process. (Oberle Decl., ¶ 3, Exhibit 2.) Defendant Lumia was served via substitute service on March 11, 2023, by delivering true and correct copies of the Summons, Complaint and accompanying initial documents to his wife, Lisa Chierchio, at his dwelling. (Oberle Decl., ¶ 3, Exhibit 3.) Neither Defendant is an infant, incompetent person, or a servicemember under 50 U.S.C. § 3931. (Oberle Decl., ¶ 4.)

/ / /

/ / /

/ / /

/ / /

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC

Pursuant to Federal Rule of Civil Procedure, Rule 12(a)(1)(A), the deadlines for Defendant Team Chip and Lumia to respond to Plaintiff's Complaint were February 21, 2023, and April, 3, 2023, respectively. (Oberle Decl., ¶ 5.) Despite these deadlines, Defendants filed no answer, response, or any other appearance concerning Plaintiff's Complaint. (Oberle Decl., ¶ 6.)

On April 13, 2023, Plaintiff filed a Request that the Clerk Enter Default as to Defendants. (Oberle Decl., ¶ 7.) The Clerk entered default against Team Chip on April 17, 2023. (Oberle Decl., ¶ 8, Exhibit 4.) The Clerk subsequently entered default against Lumia on April 19, 2023, after Plaintiff filed an Amended Request for Entry of Default as to him. (Oberle Decl., ¶ 9, Exhibit 5.)

Further, as no appearance has been made by Defendants in this action, the notice requirements of Federal Rule of Civil Procedure, Rule 55(b)(2) do not apply.

Accordingly, this Court is empowered to enter a default judgment against Defendants for the relief sought by Plaintiff in its Complaint. As outlined in the Complaint, the accompanying Declarations of Ken Mayer and Bryan C. Oberle, and all of the evidence and exhibits attached to such documents, Plaintiff is seeking damages against Defendants in this matter consisting of: $23,698,996 in compensatory damages (including treble damages pursuant to California Penal Code § 496(c)), $80,783.83 in attorney's fees (recoverable pursuant to California Penal Code § 496(c)); $41,22.17 in costs (recoverable as a prevailing party and pursuant to California Penal Code § 496(c)); and $5,926,284 in punitive damages, for a grand total of approximately $29,710,186. Further, Plaintiff seeks the return of all property that was converted, stolen, and/or defrauded from it by Defendants, as well as any profits that Defendants obtained from selling such property.

/ / /

/ / /

/ / /

/ / /

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC

Concurrently with the filing of this Renewed Motion, Plaintiff has filed a Proposed Judgment reflecting the remedies being sought in this action against Defendants. Plaintiff respectfully requests that the Court enter judgment against Defendants in accordance with this Proposed Judgment.

Dated: September 29, 2023                 **CALLAHAN & BLAINE, APLC**

By: _____
Edward Susolik
David J. Darnell
Bryan C. Oberle
Attorneys for Plaintiff SAFE HEALTH
SYSTEMS, INC.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 3 -

1
2

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................ 8

II.   FACTUAL BACKGROUND ......................................................... 9

III.  GOOD CAUSE EXISTS TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANTS ...................................................... 11

    A.   Possibility of Prejudice To Safe ............................................. 12

    B.   The Substantive Merits Of Safe's Claims .............................. 12

        1.   Fraud and Deceit ............................................................ 13

        2.   Common Count – Goods and Money Had and Received ........ 14

        3.   Conversion .................................................................... 14

        4.   Intentional Interference With Prospective Economic Advantage ............................................... 15

        5.   Breach of Oral Contract ................................................ 16

        6.   Replevin ........................................................................ 16

        7.   Restitution / Unjust Enrichment ................................... 17

        8.   Accounting .................................................................... 17

        9.   Violation of Penal Code Section 496 ........................... 17

    C.   Sum Of Money At Stake ......................................................... 18

    D.   Possibility Of Dispute Over Material Facts ........................... 19

    E.   Possibility Of Excusable Neglect ........................................... 19

    F.   Policy In Favor Of Decisions On The Merits ......................... 19

IV.   THE JUDGMENT BEING REQUESTED BY SAFE IS REASONABLE AND JUSTIFIED .......................................... 19

    A.   Compensatory Damages - Trebled .......................................... 20

    B.   Attorney's Fees and Costs ...................................................... 21

    C.   Punitive Damages ................................................................... 22

    D.   Other Remedies ...................................................................... 24

V.    CONCLUSION ............................................................................ 24

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### <u>Cases</u>

4

*Allen v. Powell*,

5
    248 Cal. App. 2d 502 (1967) ................................................................. 14

6

*AToN Ctr., Inc. v. United Healthcare Ins. Co.*,

7
    93 Cal. App. 5th 1214 (2023) ............................................................... 16

8

*Avidor v. Sutter's Place, Inc.*,

9
    212 Cal. App. 4th 1439 (2013) ............................................................. 14

10

*Boeken v. Philip Morris, Inc.*,

    127 Cal. App. 4th 1640 (2005) ............................................................. 22

11

*Bullock v. Philip Morris USA, Inc.*,

12
    198 Cal. App. 4th 543 (2011) ........................................................... 21, 24

13

*Cummings Med. Corp. v. Occupational Med. Corp.*,

14
    10 Cal. App. 4th 1291 (1992) ............................................................... 23

15

*Eitel v. McCool*,

16
    782 F.2d 1470 (9th Cir. 1986) ......................................................... 12, 19

17

*Jet Source Charter, Inc. v. Doherty*,

18
    148 Cal. App. 4th 1 (2007) .................................................................. 22

19

*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*,

20
    725 F. Supp. 2d 916 (C.D. Cal. 2010) ................................................... 18

21

*Lovejoy v. AT&T Corp.*,

    119 Cal. App. 4th 151 (2004) ............................................................... 13

22

*Neibel v. Trans World Assur. Co.*,

23
    108 F.3d 1123 (9th Cir. 1997), overruled on other grounds by

24
    *Salinas v. United States*, 522 U.S. 52 (1997) ................................... 22, 23

25

*PepsiCo v. Triunfo-Mex, Inc.*,

26
    189 F.R.D. 431 (C.D. Cal. 1999) ......................................................... 12

27

*Perdue v. Kenny A. ex rel. Winn*,

28
    559 U.S. 542 (2010) .......................................................................... 21

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 5 -

*Peterson v. Cellco P'ship*,
    164 Cal. App. 4th 1583 (2008) ........................................................ 17

*Philip Morris USA, Inc. v. Castworld Prod., Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) ............................................... 12, 19

*PLCM Grp. v. Drexler*,
    22 Cal. 4th 1084 (2000) ............................................................... 21

*Robinson Helicopter Co. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ................................................................. 13

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*,
    2 Cal. 5th 505 (2017) ................................................................... 15

*Ruzanoff v. Retailers Credit Ass'n of Sacramento*,
    97 Cal. App. 682 (1929) ............................................................... 16

*Spates v. Dameron Hosp. Assn.*,
    114 Cal. App. 4th 208 (2003) ....................................................... 14

*Switzer v. Wood*,
    35 Cal. App. 5th 116 (2019) ............................................. 18, 20, 24

*Teselle v. McLoughlin*,
    173 Cal. App. 4th 156 (2009) ....................................................... 17

*Van Gerwen v. Guarantee Mut. Life Co.*,
    214 F.3d 1041 (9th Cir. 2000) ...................................................... 21

*Warner Constr. Corp. v. City of Los Angeles*,
    2 Cal. 3d 285 (1970) .................................................................... 13

*Wecosign, Inc. v. IFG Holdings, Inc.*,
    845 F. Supp. 2d 1072 (C.D. Cal. 2012) ........................................ 19

## **Statutes**

50 U.S.C. § 3931 ............................................................................. 10

Cal. Civil Code § 3287 ............................................................. 18, 21

Cal. Civ. Code § 3294(a) ................................................................ 22

Cal. Civ. Proc. Code § 667 ............................................................. 16

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC

Cal. Penal Code § 484 ......................................................................... 17

Cal. Pen. Code § 484(a) ...................................................................... 18

Cal. Penal Code § 496 ...................................................................*passim*

Cal. Penal Code § 496(a) .................................................................... 18

Cal. Penal Code § 496(c) .................................................. 8, 11, 17, 20

Fed. R. Civ. P. 12(a)(1)(A) ................................................................ 11

Fed. R. Civ. P. 55(b)(2) .................................................................. 8, 11

Fed. R. Civ. P. 64(b) .......................................................................... 16

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

As requested by the Court in Electronic Case File ("ECF") No. 46, Plaintiff Safe Health Systems, Inc. ("Safe") hereby renews its Motion for Entry of Default Judgment ("Renewed Motion") against Defendants Chris Chierchio a.k.a. Chris Lumia ("Lumia") and Team Chip LLC ("Team Chip") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). Plaintiff respectfully requests that the Court grant this Renewed Motion at the hearing scheduled on October 18, 2023, or simply enter judgment against Defendants based on the facts and evidence provided herein and in accordance with the concurrently-filed Proposed Judgment.

# I.     INTRODUCTION

This Court is empowered to enter a default judgment against Defendants for the relief sought by Safe in its Complaint based on Defendants' conduct and their failure to file any response or make any appearance in this litigation whatsoever. As outlined in the Complaint (ECF No. 1), the concurrently-filed Declarations of Ken Mayer and Bryan C. Oberle, and all of the evidence and exhibits attached to such documents, Safe is seeking damages against Defendants in this matter consisting of: $23,698,996 in compensatory damages (including treble damages pursuant to California Penal Code § 496(c)), $80,783.83 in attorney's fees (recoverable pursuant to California Penal Code § 496(c)); $41,22.17 in costs (recoverable as a prevailing party and pursuant to California Penal Code § 496(c)); and $5,926,284 in punitive damages, for a grand total of approximately $29,710,186. Further, Safe seeks the return of all property that was converted, stolen, and/or defrauded from it by Defendants, as well as any profits that Defendants obtained from selling such property. This judgment is reasonable and justified in light of the damages that Defendants have caused Safe and the remedies available to Safe as a matter of law.

Safe has concurrently filed a Proposed Judgment and Proposed Order reflecting the remedies being sought in this action against Defendants. Safe

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

respectfully requests that the Court enter judgment against Defendants in accordance with this Proposed Judgment.

## II.    **FACTUAL BACKGROUND**

This case arises out of Safe's purchase of 1,013,040 iHealth test kits from the company ICON International, Inc. ("ICON") for $5,926,284 (the "Purchase Order"). (Declaration of Ken Mayer ("Mayer Decl."), ¶ 3.) Specifically, it arises from the fact that Safe was defrauded from receiving the benefits of this transaction due to a scheme perpetrated by Defendants Lumia and Team Chip. (Mayer Decl., ¶ 3.)

On January 25, 2022, Safe was introduced to Lumia and Team Chip by Joseph MacLellan and Greenspoon Marder LLP (collectively, the "GM Parties") in order to facilitate the Purchase Order transaction. (Mayer Decl., ¶ 4, Exhibit 1.) At the time, Safe reasonably believed that Defendants were representative of ICON, based on representations by Defendants and the GM Parties. (Mayer Decl., ¶ 5, Exhibit 2.) Pursuant to this belief, Safe permitted Defendants to obtain custody of the test kits it had purchased with the understanding that Defendants would sell such test kits on Safe's behalf and transmit any proceeds to Safe. (*Id.*) Accordingly, the test kits that Safe purchased were moved from ICON's Las Vegas warehouse to warehouses in the City of Industry and Riverside, California, in the constructive care and possession Defendants. (Mayer Decl., ¶ 6.) From there, these test kits appear to have been unilaterally sold by Lumia without notice to Safe and without any proceeds of such sales being transmitted to Safe. (*Id.*) Even if any of these test kits have not yet been sold by Defendants, they would be worthless today because they only have a shelf life of approximately 12 months. (Mayer Decl., ¶ 8.)

Safe's intention in purchasing the test kits was to resell those test kits to other downstream purchasers. (Mayer Decl., ¶ 7.) Based on an analysis performed by Safe of the projected profits it expected to receive from the sales of those test kits pursuant to the market conditions for such tests at the time and Safe's existing business relationships, Safe estimates that it would have been able to sell each of the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1,013,040 test kits for approximately $7.25, making a total retail value of $7,344,540. (*Id.*) Taking into consideration the $5,926,284 that Safe purchased the test kits for, this means that Safe was expecting a profit on the test kits of at least $1,418,256. (*Id.*) Instead, due to the scheme perpetrated by Defendants, Safe did not derive *any* funds from its purchase of the test kits, let alone the profits outlined above. (*Id.*)

In addition, Safe has had to dedicate a large number of man hours and attorney fees to attempt to reclaim their test kits from Defendants even before this litigation commenced. (Mayer Decl., ¶ 8.) All of these efforts were ultimately made fruitless by Defendants, who refused to remit to Safe either the test kits or any profits they obtained in selling them to others. (*Id.*) Collectively, individuals working at Safe have spent a total of least 219 man hours in connection with seeking the return of Safe's test kits. (*Id.*) Reasonably valuing these hours at an estimated $175 per hour brings the total labor costs incurred by Safe in attempting to recover its test kits from Defendants to $38,325. (*Id.*)

On January 24, 2023, Safe filed its Complaint in the above-referenced District Court alleging causes of action for Fraud and Deceit, Common Count – Money Had and Received, Conversion, Intentional Interference with Prospective Economic Advantage, Breach of Oral Contract, Replevin, Restitution / Unjust Enrichment, Accounting, and Violation of Penal Code Section 496 against Defendants based on the above-referenced conduct. (Declaration of Bryan C. Oberle ("Oberle Decl."), ¶ 2, Exhibit 1.) Defendant Team Chip was personally served with Safe's Complaint on January 30, 2023, via its registered agent for service of process. (Oberle Decl., ¶ 3, Exhibit 2.) Defendant Lumia was served via substitute service on March 11, 2023, by delivering true and correct copies of the Summons, Complaint and accompanying initial documents to his wife, Lisa Chierchio, at his dwelling. (Oberle Decl., ¶ 3, Exhibit 3.) Neither Defendant is an infant, incompetent person, or a servicemember under 50 U.S.C. § 3931. (Oberle Decl., ¶ 4.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC

Pursuant to Federal Rule of Civil Procedure, Rule 12(a)(1)(A), the deadlines for Defendants Team Chip and Lumia to respond to Safe's Complaint were February 21, 2023, and April, 3, 2023, respectively. (Oberle Decl., ¶ 5.) Despite these deadlines, Defendants filed no answer, response, or any other appearance concerning Safe's Complaint. (Oberle Decl., ¶ 6.) Indeed, Defendants still have not made any appearance in this matter whatsoever to this date. (*Id.*)

On April 13, 2023, Safe filed a Request that the Clerk Enter Default as to Defendants. (Oberle Decl., ¶ 7.) The Clerk entered default against Team Chip on April 17, 2023. (Oberle Decl., ¶ 8, Exhibit 4.) The Clerk subsequently entered default against Lumia on April 19, 2023, after Safe filed an Amended Request for Entry of Default as to him. (Oberle Decl., ¶ 9, Exhibit 5.)

By and through its Renewed Motion, Safe is requesting entry of default judgment against Defendants for damages consisting of: $23,698,996 in compensatory damages (including treble damages pursuant to California Penal Code § 496(c)); $80,783.83 in attorney's fees (recoverable pursuant to California Penal Code § 496(c)); $4,122.17 in costs (recoverable as a prevailing party and pursuant to California Penal Code § 496(c)); and $5,926,284 in punitive damages, for a grand total of approximately $29,710,186. (*See* concurrently-filed Proposed Judgment.) Further, Safe seeks the return of all property that was converted, stolen, and/or defrauded from it by Defendants, as well as any profits that Defendants obtained from selling such property. (*Id.*)

## III. GOOD CAUSE EXISTS TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANTS

Unless a plaintiff's claim is for a sum certain, a plaintiff must apply to the Court for entry of default judgment against a defaulting defendant. Fed. R. Civ. P. 55(b)(2). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the

- 11 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999) (granting default judgment with treble damages against defendant that did not make any appearance in case).

Here, as outlined below, all of the factors concerning entry of a default judgment outlined in the *Eitel* case weigh in favor of the default judgment requested by Safe.

## A.    <u>Possibility of Prejudice To Safe</u>

"Prejudice" exists in the context of a motion for default judgment where the plaintiff has no "recourse for recovery" other than default judgment. *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Here, as Defendants have not filed an answer or otherwise made any appearance in this matter, Safe would be left without a remedy against them if default judgment is not entered in Safe's favor.

## B.    <u>The Substantive Merits Of Safe's Claims</u>

All that is required to prevail on a motion for default judgment is that the moving party has adequately plead the essential factual elements for each of the causes of action outlined in its complaint. *See Philip Morris*, 219 F.R.D. at 499.

Here, as Defendants' failure to file an answer constitutes an admission as to the averments made in Safe's Complaint, the Court must accept these allegations as true and need only assess whether Safe's causes of action are adequately plead. *Id.* at 500. As set forth with particularity below, Safe's Complaint specifically alleges all of the necessary elements for each of its causes of action. Additionally, the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

declarations and evidence filed concurrently with this Renewed Motion provide further factual support for Safe's allegations. Accordingly, there can be no doubt that Safe's claims against Defendants are meritorious.

### 1.    <u>Fraud and Deceit</u>

The elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). A fraud claim may also be premised on "nondisclosure when a party has a duty to disclose." *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 158 (2004). A duty to disclose arises on the part of a party that actively conceals material facts or makes misleading statements. *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 294 (1970).

Here, Safe has adequately established fraud and deceit by Defendants. Specifically, it is alleged that Defendants made material misrepresentations and concealments of material fact to Safe regarding the nature of their relationship with ICON, their intention to sell the test kits on Safe's behalf, their intention to pass the proceeds of the sale of the test kits to Safe, their intention to transfer test kits to Safe, their intention and/or ability to replace older test kits with newer ones, and their sale of the test kits. (Complaint ¶¶ 24, 26; Mayer Decl., ¶¶ 5, 8.) Defendants knew that these representations were false when made, and they had no intention of actually performing on their arrangement with Safe. (Complaint ¶ 25.) Defendants also had a duty to disclose the material facts that they concealed due to their relationship with Safe, their active concealment of facts, and their misleading representations to Safe. (Complaint ¶ 27.) Safe reasonably relied on these representations, and as a result was deprived of the benefits of the transaction and was forced to pay more for the test kits than it would have if Defendants had not been involved. (Complaint ¶¶ 28-31; Mayer Decl., ¶ 5, 7, 8.) The accompanying Declaration of Ken Mayer also provides documentary substantiation for these allegations, including a text message from Lumia wherein he falsely holds himself

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

out to be from ICON. (Mayer Decl., ¶ 5, Exhibit 2.) Safe has therefore adequately

established its claim for fraud and deceit against Defendants.

### 2.    Common Count – Goods and Money Had and Received

The essential allegations of a common count claim are: "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Allen v. Powell*, 248 Cal. App. 2d 502, 510 (1967). In particular, a claim for good or money had and received is viable where one person has received goods or money which belongs to another, and which in equity and good conscience should be paid over to the latter. *See Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (2013).

Here, Safe has a viable common count cause of action against Defendants based on their receipt of goods and/or profits that rightfully belonged to Safe and their subsequent failure to remit such goods and/or payments to Safe. (Complaint ¶¶ 34, 35, 37; Mayer Decl., ¶¶ 5-6.) Rather than returning the money and property that rightfully belonged to Safe, Defendants misappropriated them and kept all of the money and property for themselves. (Complaint ¶ 36; Mayer Decl., ¶ 6.) Safe has therefore plead more than sufficient facts to support its common count claim.

### 3.    Conversion

"The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208, 221 (2003). In proving conversion, "it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." *Id.*

Here, Safe's conversion cause of action is premised on Defendants' converting of the test kits that Safe purchased from ICON. Specifically, it is alleged that Defendants took possession of the test kits and/or sales proceeds which rightfully belonged to Safe and which Defendants had no right to misappropriate

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 14 -

(Complaint ¶¶ 39-41), that Defendants took possession without Safe's consent and/or through fraud (Complaint ¶ 42; Mayer Decl., ¶ 5), and that as a result Safe has suffered damages (Complaint ¶¶ 43; Mayer Decl., ¶¶ 7-12). Safe has therefore set forth all of the essential elements of a cause of action for conversion.

### 4.    Intentional Interference With Prospective Economic Advantage

The elements of intentional interference with prospective economic advantage are: "(1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action.." *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 512 (2017).

Here, Safe's intentional interference cause of action is premised on Defendants interfering with the prospective economic advantages Safe anticipated in its transaction with ICON. Safe entered into the Purchase Order transaction with ICON with the intention of re-selling the test kits for a profit. (Complaint ¶ 46; Mayer Decl., ¶ 7.) Defendants, who Safe now understands to be unaffiliated with ICON and therefore third parties to this transaction, inserted themselves into this transaction with the intention of taking for themselves all of the benefits that Safe expected to receive. (Complaint ¶ 47; Mayer Decl., ¶¶ 6, 8.) Defendants did so through the wrongful conduct of fraudulent misrepresentations and concealments, as well as withholding the test kits and sales proceeds from Safe. (Complaint ¶ 48; Mayer Decl., ¶ 5.) As a result of Defendants' conduct, Safe has been deprived of the economic benefits it expected from the transaction, and its relationship was ICON and its customers has been disrupted. (Complaint ¶ 49; Mayer Decl., ¶¶ 7-8.) Safe has therefore adequately established its cause of action for intentional interference.

/ / /

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANTS CHRIS CHIERCHIO a.k.a. CHRIS LUMIA AND TEAM CHIP LLC

### 5.    <u>Breach of Oral Contract</u>

The elements of a cause of action for breach of oral contract are: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *AToN Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214 (2023).

Here, Defendants entered into an oral contract with Safe whereby it agreed to take custody of and diligently sell the test kits that Safe purchased from ICON, as well as to transfer the proceeds of such sales to Safe. (Complaint ¶¶ 52-53; Mayer Decl., ¶ 5.) Safe performed its duties under the agreement, yet Defendants breached the agreement by abandoning the test kits and/or selling them without transferring the proceeds over to Safe. (Complaint ¶¶ 54-55; Mayer Decl., ¶¶ 6-8.) As a result, Safe has suffered damages. (Complaint ¶ 56; Mayer Decl., ¶¶ 7-12.) These facts are more than sufficient to support Safe's breach of oral contract cause of action.

### 6.    <u>Replevin</u>

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention." Cal. Civ. Proc. Code § 667. "In replevin, loss of use and other injuries resulting from the taking and withholding of personal property may be compensated by allowing the successful party to recover interest on the value of the property from the time of the taking to the date of the verdict." *Ruzanoff v. Retailers Credit Ass'n of Sacramento*, 97 Cal. App. 682, 686 (1929). Replevin of property is also authorized under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 64(b).

By and through this cause of action, Safe seeks an order returning its rightful property to it, or the value thereof. (Complaint ¶ 58; Mayer Decl., ¶ 8.) In particular, Safe is entitled to receive the newer test kits that Defendants promised they would provide. (Complaint ¶ 60; Mayer Decl., ¶ 8.) Based on the facts set forth in the Complaint, there can be no doubt that Plaintiffs are entitled to a return of the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

property Defendants misappropriated from them.

### 7. Restitution / Unjust Enrichment

"The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008).

As set forth in the Complaint, Defendants would be unjustly enriched if they were permitted to retain the test kits and sales proceeds that they obtained through wrongful conduct. (Complaint ¶ 62.) Safe is the rightful owner of all such misappropriated funds and property, and as such Defendants should be compelled to surrender them to Safe. (Complaint ¶¶ 62-64; Mayer Decl., ¶ 8.)

### 8. Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). An accounting is a "species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due." *Id.* at 180.

As alleged in the Complaint, Defendants have violated their contractual and ethical duties to Safe by keeping for themselves sales proceeds that rightfully belong to Safe. (Complaint ¶¶ 66-67.) An accounting from Defendants as to the monies they received from selling the test kits is necessary in order to ascertain the full amount of Safe's damages in this matter. (Complaint ¶¶ 66-68; Mayer Decl., ¶ 8.)

### 9. Violation of Penal Code Section 496

Pursuant to *Penal Code* Section 496, any person who has been injured by a defendant's theft of property "may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Cal. Penal Code § 496(c). *Penal Code* Section 484 includes in its definition of theft: "knowingly and designedly, by any false or fraudulent

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

representation or pretense, defraud[ing] any other person of money, labor or real or personal property." Cal. Pen. Code § 484(a). A principal in the actual theft may be held liable under Section 496. Cal. Penal Code § 496(a). "A criminal conviction is not a prerequisite to recovery of treble damages;" all that is required is that the defendant "engaged in the conduct described in the statute." *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019).

Here, Defendants' conduct falls within the definition of "theft" under California law because, through the use of fraudulent representations that, *inter alia*, they were part of and/or affiliated with ICON, Defendants took possession of Safe's personal property (*i.e.*, the test kits) and sold them without any notice or compensation to Safe. (Complaint ¶¶ 24, 71-73; Mayer Decl., ¶¶ 5-8.) Defendants have therefore used fraud and false pretense to defraud Safe of money and property that rightfully belongs to it. Safe's Ninth Cause of Action thus falls squarely within the purpose and provisions of Section 496.

### C.    Sum Of Money At Stake

In analyzing the sum of money at stake in an action, the court must assess "whether the recovery sought is proportional to the harm caused by the defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, as outlined more fully in Section IV below, the judgment requested by Safe is reasonable and justified given the millions of dollars – more specifically, $5,926,284 – that Safe paid for the test kits (Mayer Decl., ¶ 3), the significant profits of at least $1,418,256 that Safe expected to receive from reselling the test kits which Defendants' conduct prevented Safe from obtaining (Mayer Decl., ¶ 7), the existence of treble damages awardable to Safe under California *Penal Code* Section 496, and the existence of prejudgment interest awardable to Safe under California *Civil Code* Section 3287. Accordingly, the judgment requested by Safe is reasonably proportional to the harm that Defendants have caused.

- 18 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

### D. Possibility Of Dispute Over Material Facts

The entry of default against Defendants and their complete failure to file any manner of appearance means that no dispute has been raised regarding the material averments of the Complaint. *Philip Morris*, 219 F.R.D. at 500. As such, there is no likelihood that any genuine issue may exist regarding Safe's claims.

### E. Possibility Of Excusable Neglect

The factor concerning the possibility of excusable neglect "favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).

Here, Defendants were properly served with Safe's Complaint, but to date still have not filed any response to it. (Oberle Decl., ¶¶ 3, 6, Exhibits 2 and 3.) There is no reasonable excuse for Defendants' failure to participate in this litigation.

### F. Policy In Favor Of Decisions On The Merits

Although there is a policy favoring judgment on the merits, this preference, standing alone, is not dispositive. *Philip Morris*, 219 F.R.D. at 501. Indeed, a defendant's failure to file an answer to a complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Based on the above, all of the facts of this matter establish more than good cause to enter the Proposed Default Judgment requested by Safe under the factors outlined in the *Eitel* case. Accordingly, the policy favoring judgment on the merits does not preclude the Court from entering a default judgment against Defendants.

## IV. THE JUDGMENT BEING REQUESTED BY SAFE IS REASONABLE AND JUSTIFIED

By and through this Renewed Motion, Safe is requesting entry of default judgment against Defendants for damages consisting of: $23,698,996 in compensatory damages; $80,783.83 in attorney's fees; $4,122.17 in costs; and $5,926,284 in punitive damages, for a grand total of approximately $29,710,186. As

set forth herein, the amount of this Proposed Judgment is reasonable and justified.

## A.   <u>Compensatory Damages - Trebled</u>

Safe is requesting a total of $23,698,996 in compensatory damages against Defendants. The basis of Safe's compensatory damages is comprised of several parts: $5,926,284 for the value of the test kits that were stolen/converted from Safe by Defendants (Mayer Decl., ¶ 3); $1,418,256 in lost profits that Safe expected to receive from the resale of such test kits (Mayer Decl., ¶ 7); and $38,325 in labor costs incurred by Safe personnel in attempting to reclaim possession of the test kits (Mayer Decl., ¶ 8). These categories amount to a grand total of $7,382,865 in compensatory damages. However, Safe is also entitled to treble damages, attorney's fees, and costs on top of these compensatory damages pursuant to Safe's Ninth Cause of Action for Violation of California *Penal Code* Section 496.

*Penal Code* Section 496 permits any person who has been injured by a defendant's theft of property to "bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Cal. Penal Code § 496(c). These treble damages were created by the Legislature for the "goal of deterring such theft-related conduct." *Switzer*, 35 Cal. App. 5th at 130. As the treble damages language in Section 496 is "clear and unambiguous," its remedial provisions should be applied where a clear violation is found. *Id.* at 116, 127. There is no exception for the application of treble damages for conduct committed in the context of a joint venture or business relationship. *Id.* at 129-30.

Here, Defendants' conduct falls within the definition of "theft" under California law because, through the use of fraudulent representations that they were part of and/or affiliated with ICON, Defendants took possession of Safe's personal property (*i.e.*, the test kits) and sold them without any notice or compensation to Safe. (Compl. ¶¶ 24, 71-73.) Accordingly, Safe has been a victim of theft by Defendants and is entitled to three times the total amount of its compensatory

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 20 -

1    damages pursuant to Section 496, which would be $22,148,595.

2        Furthermore, pursuant to California *Civil Code* Section 3287, a party entitled

3    to damages is also entitled to prejudgment interest at a rate of 7% per annum. Cal.

4    Civ. Code § 3287. Prejudgment interest does not distinguish between damages that

5    are compensatory or punitive in nature. *Bullock v. Philip Morris USA, Inc.*, 198 Cal.

6    App. 4th 543, 574 (2011) (holding that plaintiff could recover prejudgment interest

7    on both compensatory and punitive damages). Here, as approximately one year has

8    passed since Defendants' theft of Safe's property, Safe is entitled to a 7% increase

9    in its damages to compensate for prejudgment interest, which makes the grand total

10   of Safe's compensatory damages at least $23,698,996.

11   **B.    Attorney's Fees and Costs**

12       As outlined above, Safe's Ninth Cause of Action for Violation of California

13   *Penal Code* Section 496 also entitles Plaintiffs to recovery of their attorney's fees

14   and costs in this litigation. Statutory attorney fees are ordinarily determined by the

15   court pursuant to the "lodestar method." Under the lodestar method, reasonable

16   attorney fees are estimated by "multiplying the number of hours reasonably

17   expended on the litigation by a reasonable hourly rate." *Van Gerwen v. Guarantee*

18   *Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court may also adjust the

19   lodestar upward or downward based on factors not subsumed in the original

20   calculation of the lodestar, but the original lodestar is "presumptively the reasonable

21   fee amount" and should only be adjusted in "rare" and "exceptional" cases. *Id.* For

22   the purposes of lodestar analysis, the reasonable hourly rate is generally the

23   prevailing rate charged by an attorney of similar skill and experience in the relevant

24   community. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *PLCM Grp.*

25   *v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).

26       Here, as set forth in the accompanying Declaration of Bryan C. Oberle, Safe

27   has reasonably incurred at least $80,783.83 in attorney's fees and $4,122.17 in costs

28   related to its claims against Defendants. (Mayer Decl., ¶ 12, Oberle Decl., ¶¶ 12-35.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 21 -

These fees and costs are reasonable in light of the substantial work necessarily expended by Safe's attorneys and includes, *inter alia*, work related to: performing legal and factual investigations of the facts and the parties in this case; preparing and drafting the pleadings filed on behalf of Safe; ensuring full and proper service of process onto Defendants; obtaining entry of default judgment against Defendants; and preparing the original motion for entry of default judgment and the instant Renewed Motion, among other things. (Oberle Decl., ¶¶ 12-35.) The rates charged by Safe's counsel are also reasonable in light of the experience and credentials of Safe's attorneys and paralegals, which are in line with the rates of their community. (Oberle Decl., ¶¶ 14-29.) The amount of attorney's fees and costs are therefore reasonable in terms of rate and amount under the lodestar analysis.

### C.    Punitive Damages

Moreover, Safe is requesting $5,926,284 in punitive damages against Defendants based on their conduct which clearly constitutes oppression, fraud, and malice. Where it is established that a defendant is "guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294(a). "The purpose of punitive damages is to punish wrongdoers and thereby deter the commission of wrongful acts." *Boeken v. Philip Morris, Inc.*, 127 Cal. App. 4th 1640, 1689 (2005). Although the purpose of treble damages is also generally punitive in nature, a plaintiff may recover both punitive and treble damages based on the same alleged conduct. *See Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1131 (9th Cir. 1997), overruled on other grounds by *Salinas v. United States*, 522 U.S. 52, 62 (1997). The amount of the punitive damage award "must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff." *Jet Source Charter, Inc. v. Doherty*, 148 Cal. App. 4th 1, 10 (2007).

Here, the $5,926,284 in punitive damages requested by Safe is reasonable in light of the profitability of Defendants' alleged conduct. Although evidence of a

- 22 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

defendant's financial condition is relevant to an award of punitive damages, "courts and commentators have often looked to the profitability of the defendant's misconduct" in determining whether a punitive damage award is reasonable. *Cummings Med. Corp. v. Occupational Med. Corp.*, 10 Cal. App. 4th 1291, 1299 (1992) (noting that the key question is not the amount the defendant's net worth, but whether the amount of punitive damages exceeds the level necessary to punish and deter). It is "proper and fitting to 'punish' a defendant by stripping the defendant of wealth gained through defrauding the plaintiff," and a punitive damage award "specifically tailored to this objective can never be 'excessive.'" *Id.* at 1300.

A punitive damage award of at least $5,926,284 is thus more than reasonable in light of the fact that Defendants have apparently sold the subject test kits to others and pocketed all of the proceeds from such sales for themselves. Importantly, Defendants never paid Safe, ICON, or any other party for the test kits it took possession of, so Defendants would have profited from any such sales no matter how much they sold them for. As Safe purchased these test kits for $5,926,284 shortly before Defendants obtained them, this is a reasonable estimate of their value. If anything, the value of such test kits was likely even greater, considering the fact that Safe expected to obtain $1,418,256 in profits from selling those test kits to others. (Mayer Decl., ¶ 7.) Accordingly, a punitive damage award of $5,926,284 would not be excessive and would satisfy the purpose of punitive damages to deter and punish Defendants' fraudulent conduct.

Additionally, these punitive damages are awardable to Safe in addition to the treble damages it is entitled to under *Penal Code* Section 496. *See Neibel*, 108 F.3d at 1131 (holding plaintiff could recover both punitive and treble damages related to RICO claims). Furthermore, to the extent the Court, for whatever reason, believes that Safe cannot recover treble damages under Section 496, Safe respectfully requests that the Court increase the amount of punitive damages to $14,765,730 (*i.e.*, twice the amount of Safe's $7,382,865 in compensatory damages). Such an

adjustment would be reasonable in light of the clear policy established by the legislature that victims of theft be compensated for three times the amount of damages they suffer. *Switzer*, 35 Cal. App. 5th at 130. These punitive damages, in addition to the regular compensatory damages, would bring the amount of Safe's damages back to the $22,148,595 that it should be owed under the law. Moreover, Safe would also be entitled to prejudgment interest for the amount of any awarded punitive damages. *Bullock*, 198 Cal. App. 4th at 574.

### D.    Other Remedies

In addition to the above monetary damages, Safe also seeks the return of all property that was converted, stolen, and/or defrauded from it by Defendants, as well as any profits that Defendants obtained from selling such property. Safe is the rightful owner of the test kits that it purchased, and any proceeds from the sale of such test kits similarly belong to Safe. Safe is also entitled to post-judgment interest at a rate of 10% pursuant to Article 15, Section 1 of the California Constitution.

## V.    CONCLUSION

For the foregoing reasons, Safe respectfully requests that the Court grant Safe's Renewed Motion in its entirety and enter judgment against Defendants in the amount of $29,710,186, and provide such other relief as is reasonable and justified, in accordance with the concurrently-filed Proposed Judgment.

Dated: September 29, 2023            **CALLAHAN & BLAINE, APLC**

                                     By: _____
                                         Edward Susolik
                                         David J. Darnell
                                         Bryan C. Oberle
                                         Attorneys for Plaintiff SAFE HEALTH
                                         SYSTEMS, INC.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM